Argued and submitted February 28, reversed and remanded July 6, 1994

In the Matter of John William Allison,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN WILLIAM ALLISON,
*Appellant.*

(930195233; CA A78875)

877 P2d 660

Liza Jane Langford argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

RIGGS, J.

## RIGGS, J.

An allegedly mentally ill person (appellant), appeals from a civil commitment order in which the court found him to be mentally ill and committed him for 180 days. ORS 426.135. We reverse and remand.

On February 4, 1993, appellant appeared with appointed counsel for a hearing before the court, pursuant to ORS 426.095, to determine if he was mentally ill as defined by ORS 426.005(1)(d).[1] The judge began the hearing by introducing those present and telling appellant that they were there "to determine what's going to happen to you over the next several days." Appellant's counsel then told the court that, after lengthy discussions, appellant had expressed a desire to stipulate that he presented a danger to others and to stipulate to a commitment to Dammasch State Hospital. The court accepted the stipulation and, without any further communication with appellant, ordered his commitment to the Mental Health Division for 180 days.

■ Appellant assigns error to the court's failure to give the advice of rights contained in ORS 426.100(1), which provides:

"(1) At the time the allegedly mentally ill person is brought before the court, *the court shall advise the person of the following*:

"(a) The reason for being brought before the court;

"(b) The nature of the proceedings;

"(c) The possible results of the proceedings;

"(d) The right to subpoena witnesses; and

"(e) The person's rights regarding representation by or appointment of counsel." (Emphasis supplied.)

■ ■ Involuntary commitment proceedings involve the possibility of a "massive curtailment of liberty" and, thus, implicate due process protections. *Vitek v. Jones*, 445 US 480, 491, 100 S Ct 1254, 63 L Ed 2d 552 (1980). In Oregon, the

---

[1] ORS 426.005(1)(d) provides, in part:

" 'Mentally ill person' means a person who, because of a mental disorder, is one or more of the following:

"(A) Dangerous to self or others."

legislature has developed the involuntary commitment procedures contained in ORS chapter 426. Those mandatory procedures are designed to ensure that all allegedly mentally ill persons get the benefit of a full and fair hearing before that person is committed. An integral part of that procedure is the advice of rights contained in ORS 426.100(1). *State v. Johansen*, 125 Or App 365, 370, 866 P2d 470 (1993).

 In this case, the court held an extremely brief hearing and, although the court accepted appellant's counsel's offer of stipulation to the essential facts, there was almost no communication between the court and appellant. The closest the court came to fulfilling the requirements of ORS 426.100(1) was when it told appellant that the hearing was being held to determine what was going to happen "over the next several days." That is insufficient to fulfill the statutory command. Whether or not appellant is represented by counsel, the court must inform appellant of the nature and possible outcome of the proceedings. The fact that appellant stipulated to the facts and to his commitment may allow the court to expedite some aspects of the hearing procedure, but it does not relieve the court of its duty to advise appellant of the nature and possible outcome of the proceedings, as well as his or her rights at the hearing. *Cf. State v. Meyrick*, 313 Or 125, 134, 831 P2d 666 (1992) (holding that a defendant's waiver of the right to counsel is valid if the record as a whole shows that the defendant knew of the right and that the waiver was an intentional relinquishment of that known right).

Reversed and remanded.