Submitted on record and briefs July 22, 1998, affirmed November 10, 1999, petition for review denied February 29, 2000 (330 Or 71)

In the Matter of Tyrone B. Maxwell,
Alleged to be a Mentally Ill Person.

### STATE OF OREGON,
*Respondent,*

*v.*

### TYRONE B. MAXWELL,
*Appellant.*

(57-97-09056; CA A99806)

988 P2d 939

Rebecca R. Davis filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, Deits, Chief Judge,* and Armstrong, Judge.

PER CURIAM

---

* Deits, C. J. *vice* Warren, P. J., retired.

## PER CURIAM

Appellant appeals from an order determining that he is mentally ill and committing him to the Mental Health Division for a maximum period of 180 days. We discuss only his argument that the failure to provide him with a copy of the examiner's report at least 24 hours before the hearing, as ORS 426.074(3) requires, was error requiring reversal. Appellant's attorney did not object to the late delivery of the report or to its admission at the hearing, nor did the attorney seek a continuance in order to examine the report and prepare a defense. *See* ORS 426.095(2)(c).

Appellant relies on *State v. Allison*, 129 Or App 47, 877 P2d 660 (1994), in which we held that the trial court's failure to give the appellant the full advice that ORS 426.100(1) describes required a reversal of the commitment order. The information at issue in *Allison* was essential to the allegedly mentally ill person's understanding of the nature and purpose of the hearing and thus implicated serious due process concerns. For that reason, *Allison* held that an objection was not necessary to preserve the error for appeal. Here, however, the failure to provide the report on time is essentially a question of providing adequate and timely discovery so that the person and the person's lawyer may prepare for the hearing. There is no reason why the preservation rules that apply to other discovery and evidentiary issues should not apply in this case.

Affirmed.