Argued and submitted June 4, 19998; resubmitted en banc February 16, affirmed April 19, 2000

In the Matter of Scott Jon Zabransky,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

SCOTT JON ZABRANSKY,
*Appellant.*

(MC 97-21; CA A99281)

998 P2d 805

Hilary E. Berkman argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Deits, Chief Judge, and Edmonds, De Muniz, Landau, Haselton, Armstrong, Wollheim, and Brewer, Judges.

PER CURIAM

Edmonds, J., dissenting.

Armstrong, J., dissenting.

## PER CURIAM

Appellant seeks review of the trial court's order finding him to be mentally ill and committing him to the Mental Health Division for a period of 180 days. Appellant's only argument that warrants discussion is that the trial court's advice under ORS 426.100(1) was inadequate. That argument is identical in substance to the one that we considered and rejected in *State v. Buffum*, 166 Or App 552, 999 P2d 541 (2000)

Affirmed.

**EDMONDS, J.,** dissenting.

The record in this involuntary mental commitment case does not show what opportunity if any, Zabransky had to confer with his appointed counsel before the hearing. At the beginning of the hearing, the trial court told Zabransky, in relevant part:

> "I need to advise you of your rights with regard to where we are at today and what we're doing and where we're going. The reason that you were brought to court today is because a petition has been filed alleging that you are mentally ill and in need of treatment. These proceedings are to make a determination with regards to that."

Then, the court told him that a member of the Public Defender's office "will be representing your interests in today's hearing" and that she was sitting with him at counsel table. The public defender next informed the trial court that she had not had an opportunity to review Zabransky's medical records before the hearing and that she had seen only the report of the mental health investigator. The trial court permitted her to open the sealed medical records and make notes. After that, counsel indicated that she had no objection to the admission into evidence of the medical records, and the hearing proceeded with the state calling witnesses. Zabransky never testified, and no witnesses were called to testify on his behalf. The court ruled without hearing closing arguments by counsel or inquiring of Zabransky if he had anything to say.[1]

---

[1] In fact, Zabransky tried to make a statement early in the hearing, and the court told him, "We'll let you speak through your attorney, all right?" The

The record in this case demonstrates why the majority is wrong when it holds that the trial court need only to tell an alleged mentally ill person that "a petition has been filed alleging that you are mentally ill and in need of treatment," and that "these proceedings are to make a determination with regards to that" to comply with the legislature's statutory goal. The trial court gave Zabransky no other advice about the statutory standard for involuntary commitment and about what the state had to prove. Unbeknownst to Zabransky (unless his counsel told him and there is no record of that fact), the issue at the hearing was whether the state could show by clear and convincing evidence that he was a danger to himself or to others. ORS 426.005(1)(d)(A). The advice given to Zabransky did not comply with the statutory requirement to explain the nature of the proceeding or with due process requirements. Due process requires that an alleged mentally ill person have enough information to defend himself or herself and to assist counsel in the defense of the state's charge, a charge that could result in 180 days of confinement. As we said in *State v. Allison*, 129 Or App 47, 50, 877 P2d 660 (1994), "[t]hese mandatory procedures are designed to ensure that all allegedly mentally ill persons get the benefit of a full and fair hearing before that person is committed."

The role of the statutorily mandated advice is all the more critical when dealing with an allegedly mentally ill person, whose ability to comprehend may be impaired. It cannot be said on this record that Zabransky had the full and fair hearing that ORS 426.100 is intended to facilitate in the absence of any evidence that demonstrates that he was informed of the nature of the statutory criteria in issue at the outset of the hearing. Because the trial court did not tell him that the state had to prove that he was dangerous to himself or to others, and the record does not reveal an express or implicit waiver of the mandated advice or that he was informed of those requirements, the result is that he was deprived of his liberty in violation of the statutory scheme in ORS chapter 426 and the state and federal constitutions.

implication in the record is that Zabransky desired to explore the possibility of treatment through a voluntary commitment.

**ARMSTRONG, J.,** dissenting.

I dissent for the reasons stated in my dissent in *State v. Buffum,* 166 Or App 552, 999 P2d 541 (2000).