Argued and submitted August 7, affirmed September 12, 2001

In the Matter of Charlene Bartel-Dawson,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## CHARLENE BARTEL-DAWSON,
*Appellant.*

C990083MC; A107347

31 P3d 1129

Susan D. Isaacs argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

**PER CURIAM**

In this appeal of appellant's commitment to the custody of the Oregon Mental Health and Developmental Disability Services Division, the only issue is whether the trial court's failure to advise appellant at the hearing of her right to subpoena witnesses requires reversal. The state concedes that ORS 426.100(1)(d) requires such advice to be given at the hearing, a concession we accept.[1] The state argues, however, that the error is harmless, relying on *State v. Cach*, 172 Or App 745, 750 n 4, 19 P3d 992, *rev den* 332 Or 316 (2001) (Kistler, J., majority) and 172 Or App at 754 (Edmonds, P. J., concurring). We agree that, under *Cach*, a harmless error analysis applies.

Here, before the hearing, the court served appellant with a citation for the commitment hearing that stated, in relevant part, "You have a right * * * to subpoena witnesses to testify in your behalf at the hearing." That advice was identical to the advice required at the hearing under the statute. Additionally, appellant was represented at the hearing by experienced counsel, who in fact presented a witness on appellant's behalf. We agree with the state that, under those circumstances, the error was harmless.

Affirmed.

---

[1] ORS 426.100(1) provides that, "[a]t the time the allegedly mentally ill person is brought before the court, the court shall advise the person of," among other rights, "[t]he right to subpoena witnesses."