Argued and submitted February 28, 2000, affirmed April 3, 2002

In the Matter of Alice Ellingson,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

ALICE ELLINGSON,
*Appellant.*

9907-66247; A107247

43 P3d 465

Harrison Latto argued the cause and filed the brief for appellant.

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Appellant was involuntarily committed to the custody of the Mental Health Division for a period of 180 days when, after being advised of her rights and before being examined by two court-appointed examiners, she stipulated that she was unable to care for her basic needs. She appeals from the judgment of commitment, asserting that the trial court committed legal error in three respects: in receiving her stipulation without first determining that appellant was competent to enter a stipulation; in entering a judgment of involuntary commitment based on the stipulation of the alleged mentally ill person rather than on expert evidence from the court-appointed examiners; and in committing appellant where there were no reports from the court-appointed examiners. Appellant asserts, finally, that if her stipulation to commitment is not to be considered, then the evidence is not sufficient to commit her.

None of the alleged errors was preserved in the trial court. Citing *State v. Allison*, 129 Or App 47, 877 P2d 660 (1994), appellant contends that the errors are apparent on the face of the record and that that fact should lead to reversal of the commitment order despite the lack of preservation. In *State v. Waters*, 165 Or App 645, 997 P2d 279, *rev den* 331 Or 429 (2000), *cert den* 532 US 1040, 121 S Ct 2003 (2001), we rejected the identical arguments and assignments of error relating to the use of stipulations in mental commitment hearings, where the alleged mentally ill person raised them for the first time on appeal. We reasoned that "it is, at the very least, 'reasonably in dispute' whether a trial court may accept a factual stipulation by an alleged mentally ill person in an involuntary commitment proceeding or whether a trial court may accept such a stipulation only after consulting with mental health professionals." *Id*. at 652. We held, accordingly, that the alleged errors were not apparent on the face of the record that we could reach for the first time on appeal. For the reasons that we expressed in *Waters*, we affirm the commitment order here as well.

Affirmed.