Submitted on record and briefs January 21, affirmed February 25, 2004

In the Matter of Anne Ritzman,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

ANNE RITZMAN,
*Appellant.*

C020047MC; A118587

84 P3d 1129

Susan D. Isaacs filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

In this appeal of appellant's recommitment[1] to the custody of the Oregon Mental Health Division, appellant raises two issues. First, she argues that the trial court failed to advise her of her rights pursuant to ORS 426.100(1). Second, she argues that the evidence is insufficient to establish, by clear and convincing evidence, that she is mentally ill, dangerous to others, and unlikely to voluntarily comply with treatment. We write only to address the first issue, and we affirm.

ORS 426.100(1) provides:

"At the time the allegedly mentally ill person is brought before the court, the court shall advise the person of the following:

"(a)   The reason for being brought before the court;

"(b)   The nature of the proceedings;

"(c)   The possible results of the proceedings;

"(d)   The right to subpoena witnesses; and

"(e)   The person's rights regarding representation by or appointment of counsel."

To comply with the statute, a trial court in a civil commitment proceeding must either advise the allegedly mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made. *State v. May*, 131 Or App 570, 571, 888 P2d 14 (1994). The trial court's failure to provide the advice required by the statute is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve the issue at the hearing. *State v. Tardanico*, 132 Or App 230, 231, 888 P2d 15 (1994). But in

---

[1] Appellant asserts that the nature of the proceeding at issue is unclear and that it could have been either a recommitment hearing pursuant to ORS 426.307 or a hearing to determine whether to revoke appellant's trial visit pursuant to ORS 426.275. Although an "Order of Revocation of Trial Visit" is part of the record in this case, it bears a different case number. The other documents in the file clarify that this particular proceeding was a recommitment hearing.

reaching the issue, we also consider whether the error was harmless. *State v. Cach*, 172 Or App 745, 750 n 4, 19 P3d 992, *rev den*, 332 Or 316 (2001). Thus, the remedy for any such error depends on whether the record establishes that the allegedly mentally ill person was otherwise adequately aware of his or her rights or validly waived the right to be advised of them.

■ In this case, on the date that the hearing was originally scheduled, appellant appeared with counsel. At appellant's request, the trial court granted a set over of one week. When the hearing reconvened a week later, the trial judge stated that he recalled having advised appellant of the applicable rights and procedures and asked appellant if she remembered being in the courtroom the week before. Although appellant said that she did remember being there, her response was otherwise rambling and largely incoherent.[2] As it turns out, the trial judge's recollection of what occurred the week before was mistaken. The transcript of the proceeding reveals that the trial court did not go through the advice of rights and procedures as required by the statute. Nor, when the hearing reconvened, did the trial court establish that appellant was willing to validly waive that advice.

■ Thus, the trial court erred. Moreover, the error is one that we will consider on appeal, despite appellant's failure to object or otherwise preserve the issue at the hearing, because it is apparent on the record and the legal point is not reasonably in dispute. The only remaining question, then, is whether the error was harmless. The state argues that it was, pointing to the fact that the record reveals: (1) appellant's awareness of her rights to subpoena witnesses and to be represented by counsel; (2) her awareness of the nature of the proceeding—*i.e.*, that it was a recommitment hearing; and (3) appellant's representation by counsel throughout the

---

[2] Appellant first responded by stating that she was denied her legal rights and "that has happened again." Then, when the trial court said, "You were here last week and you remember that[.]" Appellant responded, "I remember all of that." She continued by saying, "That Japanese," at which point the trial court interrupted and asked her if she was talking about counsel. Appellant continued, "Her with parental rights and FCS and what she thinks she's going to do today. She killed too many people in Woodland Park and she thinks she's neat. She doesn't care anymore."

proceedings. Relying on *State v. Buffum*, 166 Or App 552, 999 P2d 541, *rev dismissed*, 335 Or 142 (2000), the state emphasizes that no strict or technical form of advice is required. Rather, as *Buffum* declares, the advice can be communicated in a single sentence or two that, "taken together, could provide an allegedly mentally ill lay person with sufficient productively usable information to enable the person to take the actions necessary to protect his or her interests." *Id.* at 556. The state therefore argues that, on the whole, the record shows that appellant was "adequately aware of her legal rights, the potential outcome and consequences of the hearing, and what she needed to do to successfully oppose recommitment."

We agree with the state, but not for the reasons that the state outlines. If we were left only with the transcript of the proceedings, we would have to conclude that, although appellant was aware of her right to counsel, nothing alerted her to her right to have counsel of her own choosing, if she had means to retain counsel. In this particular case, we cannot discount the importance of such advice because throughout both hearings appellant expressed significant dissatisfaction with the attorney appointed for her by the court. Also, nothing put appellant on notice of the potential consequences of the hearing (*i.e.*, recommitment for 180 days), unless we are to assume that she necessarily had such notice because this recommitment was initiated because her prior commitment was expiring.

■ We conclude, however, that the error is harmless because the record includes a "Notice of Intent to Continue Commitment," a written document that appellant signed when the recommitment proceeding was initiated. The advice contained in that document not only duplicated the advice that ORS 426.100(1) requires but exceeded it.[3] The person who served the notice on appellant signed and dated the notice, attesting that the notice was not only delivered to

---

[3] For example, the notice advised appellant that her commitment could be continued for up to 180 days; that she was entitled to be examined by a physician or other qualified person other than a member of the staff at the facility where she was confined; and that if she was without funds, the court would appoint such a physician or other qualified mental health examiner at no cost to her.

appellant but was also read to her. Appellant also signed and dated the notice.

Based on the record as a whole, including the written notice and the fact that appellant was represented at the hearing by counsel, we conclude that the trial court's error in failing to comply with ORS 426.100(1) was harmless. *See State v. Bartel-Dawson*, 176 Or App 519, 520, 31 P3d 1129 (2001) (written citation for commitment that advised allegedly mentally ill person in terms identical to statute, coupled with representation by counsel, rendered trial court's error in failing to provide advice harmless).

Affirmed.