204 P.3d 162 (2009)
226 Or. App. 563
In the Matter of J.D.C., Alleged to be a Mentally Ill Person.
STATE of Oregon, Respondent,
v.
J.D.C., Appellant.
07006CF, A135538.
Court of Appeals of Oregon.
Argued and Submitted January 21, 2009.
Decided March 19, 2009.
*163 Tom Coleman argued the cause and filed the brief for appellant.
Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.
Before EDMONDS, Presiding Judge, and WOLLHEIM, Judge, and SERCOMBE, Judge.
SERCOMBE, J.
Appellant, an allegedly mentally ill person, appeals an order in which the trial court found him to be mentally ill as defined in ORS 426.005(1)(d) and committed him to the Mental Health Division. ORS 426.130(1)(b)(C). Appellant makes four assignments of error; we address only the first. We affirm.
Appellant argues that the advice the court gave him at the beginning of the hearing was insufficient to satisfy ORS 426.100(1)(c). ORS 426.100(1) provides:
"At the time that the allegedly mentally ill person is brought before the court, the court shall advise the person of the following:
"(a) The reason for being brought before the court;
"(b) The nature of the proceedings;
"(c) The possible results of the proceedings;

"(d) The right to subpoena witnesses; and
"(e) The person's rights regarding representation by or appointment of counsel."
(Emphasis added.) In advising appellant of his rights, the court stated:
"I am required by statute to advise you of certain rights, andso that you understand what's brought you before the Court. The reason for being brought before the Court, and the nature of the proceeding, is that this is a hearing that's being held to determine whether or not you are mentally ill. To be found mentally ill under the statutes, you must not only be diagnosed with a mental illness, but you must also be found to be either a danger to yourself or others, or unable to provide for your basic personal needs. The possible results of the proceedings would be that if you're found mentally ill, you could be placed in a mental hospital for as much as one hundred and eighty days. You have a right to subpoena witnesses, and you have a right to be represented by an attorney."
Appellant contends that, although the court's statement informed him that the *164 hearing could result in his commitment, the court was required and failed to inform him of other possible results of the commitment proceedings that are provided by ORS 426.130conditional release and discharge. Appellant's argument that he should have been informed of the possibility of discharge is not tenable; he was informed of the possibility of commitment if certain findings were made, and that was sufficient to alert him that he would be discharged if the required findings were not made. Appellant's other argumentthat ORS 426.100(1)(c) requires notice of the potential for conditional releasepresents a closer question.
The state contends that appellant's claim of incomplete notice is neither preserved in the proceedings below nor plain error on the face of the record so as to allow appellate review under ORAP 5.45.[1] Under that rule, a party claiming error must generally present the claim of error to the trial court before we will consider it on appeal. The purpose of the preservation requirement is to promote both fairness to the parties in making and responding to arguments in a case and efficient judicial administration. Peiffer v. Hoyt, 339 Or. 649, 656, 125 P.3d 734 (2005). The rule applies to mental commitment proceedings. State v. Ritzman, 192 Or.App. 296, 298, 84 P.3d 1129 (2004) (undertaking a plain error analysis after noting that the appellant had not preserved his argument at the commitment hearing). Although appellant contends that the "[e]rror is preserved by the totality of the record," no objection was made to the trial court that the court failed to advise appellant of all possible results of the proceedings. Accordingly, that claim of error was not preserved.
Appellant also argues that the error is apparent on the face of the record and therefore subject to our discretionary plain error review under ORAP 5.45(1). As the state acknowledges, this court has held that a trial court's "failure to provide the advice required by [ORS 426.100] is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve the issue at the hearing." Ritzman, 192 Or.App. at 298, 84 P.3d 1129. However, in Ritzman, unlike the present case, the court failed to give any of the advice required by ORS 426.100, and the error was indisputable. Whether an error in failing to advise appellant of every possible outcome of the proceedings is plain error depends on whether the error was an error of law; "apparent" so that the "legal point is obvious, not reasonably in dispute"; and apparent "on the face of the record" so that we "need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." State v. Brown, 310 Or. 347, 355, 800 P.2d 259 (1990). Because we find that there is a reasonable dispute as to whether the trial court erred, we conclude that there is no plain error.
We begin with the statutory language. ORS 426.100(1)(c) obligates the court, "[a]t the time the allegedly mentally ill person is brought before the court," to advise the person of "the possible results of the proceedings." The possible results of the proceedings are set out at ORS 426.130.[2] ORS *165 426.130(1)(b)(B) provides that, on a finding of mental illness, the court "[m]ay order conditional release under this subparagraph subject to the qualifications and requirements under ORS 426.125." (Emphasis added.) ORS 426.125, in turn, provides for conditional release only if a friend, guardian, or family member capable of caring for the mentally ill person requests that the court release the mentally ill person into his or her care. Conditional release is therefore a "possible result" of the proceedings.
Appellant asserts that the court's failure to inform him of the possibility of conditional release violated its obligation to advise him as required by ORS 426.100(1)(c) and that, had he been properly advised, he could have asked friends or family members to make a conditional release request of the court.
We have discussed the scope of the court's obligation to advise an allegedly mentally ill person under ORS 426.100 several times. In State v. Buffum, 166 Or.App. 552, 556, 999 P.2d 541, rev. dismissed, 335 Or. 142, 61 P.3d 938 (2000), we concluded:
"ORS 426.100(1) requires the court to advise the allegedly mentally ill person of five separate items of information. Each of those items relates to a matter that could consume a full semester of a law school course. However, each could also contemplate a quantum of general and comprehensible information that could be communicated in a single sentence or two and that, taken together, could provide an allegedly mentally ill layperson with sufficient productively usable information to enable the person to take the actions necessary to protect his or her interests. We think that the legislature intended the statute to fulfill the latter purpose."
Therefore, although it would have been relatively easy to inform appellant of each of the possible outcomes of the proceedings, the trial court fulfilled its statutory obligations without that level of specificity so long as appellant was given "sufficient productively usable information" to enable him to act to protect his interests. Our inquiry into what information is sufficient for that purpose is informed by the context of ORS 426.100.
We note that the mental commitment statutes as a whole "serve [] to protect the rights of allegedly mentally ill persons" and that the advice of rights required by ORS 426.100 is "not * * * the sole source of protection." Buffum, 166 Or.App. at 556, 999 P.2d 541. The right to representation by qualified counsel is among the most important protections provided by that statutory scheme. The extent of necessary judicial advice under ORS 426.100 is affected by the role played by legal counsel:
"It belabors the obvious to say that an attorney who, in the words of ORS 426.100(3)(a), must possess `skills and experience commensurate with the nature of the allegations and complexity of the case,' will be fully aware of the legal and evidentiary particulars that * * * the court must include in its preliminary advice to the allegedly mentally ill layperson."
Id. In Buffum, we upheld the commitment of an allegedly mentally ill person who was not advised that the state would have to show that she was "dangerous to self or others" or "unable to provide for basic personal needs" in order to prove she was mentally ill. ORS *166 426.005(1)(d)(A)-(B). In concluding that those "particulars" of a mental commitment proceeding are not part of the information that the court itself must provide to appellant under ORS 426.100, we noted that they are within the purview of advice of counsel.
Here, appellant was given information about the most restrictive possible outcome of his case. Whether the entire list of specific outcomes from a mental commitment hearing is a necessary part of all of the advice that, "taken together * * * provide[s] * * * sufficient productively usable information" to the mentally ill person is an issue open to reasonable debate. Buffum, 166 Or.App. at 556, 999 P.2d 541. On one hand, the statute directs that an allegedly mentally ill person be informed of the possible "results" of the proceedings, and the statute provides only a handful of possibilities, which a trial court could easily communicate. On the other hand, the court is required only to give "general and comprehensible information" about each item in the statute, and the sufficiency of the advice is evaluated as a whole ("taken together"). In general, the proceedings result in some form of commitment or some form of release, and the court's advice alerted appellant to those possibilities. Therefore, we cannot conclude that the trial court's failure to enumerate every possible result of appellant's hearing was an error "not reasonably in dispute." Brown, 310 Or. at 355, 800 P.2d 259.
Had appellant not been represented by counsel at the time of the incomplete warnings, then the analysis could be different. As discussed above, our inquiry into what information suffices to give an allegedly mentally ill person "sufficient productively usable information" to act to protect his or her interests is informed by the overall statutory scheme and its interlocking protective measures. Buffum, 166 Or.App. at 556, 999 P.2d 541. Where other protective measures, such as appointment of counsel, have not been put in place at the time an incomplete warning is given, the error may be less open to dispute. But here, where appellant's appointed counsel was present at the hearing when the arguably incomplete advice of rights was given, we conclude that there was no plain error.
Affirmed.
EDMONDS, P.J., concurring.
The advisement of the statutory rights in ORS 426.100(1) is mandatory, and a failure to advise an alleged mentally ill person of those rights as the statute requires ordinarily requires reversal. State v. May, 131 Or.App. 570, 888 P.2d 14 (1994). Moreover, an appellant need not preserve such a claim of error for this court to consider it. State v. Ritzman, 192 Or.App. 296, 298, 84 P.3d 1129 (2004) ("The trial court's failure to provide the advice required by the statute is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve the issue at the hearing."). I do not agree with the majority that this case is factually distinguishable from Ritzman in any meaningful way. In both cases, the trial court failed to give the advice required by the statute. It matters not, insofar as the mandatory duty under the statute exists, whether the advice is wholly or partially incomplete. The statute means what it says, and, therefore, the error is apparent on the face of the record. That said, I agree with the result in this case. Appellant, with the assistance of counsel, actually litigated the issue of whether he was eligible for conditional release, voluntary treatment, or discharge. Consequently, the error committed by the trial court was harmless. State v. Buffum, 166 Or.App. 552, 558, 999 P.2d 541 (2000), rev. dismissed, 335 Or. 142, 61 P.3d 938 (2002) (Edmonds, J., concurring).
NOTES
[1] ORAP 5.45(1) provides:

"A question or issue to be decided on appeal shall be raised in the form of an assignment of error, as prescribed in this rule. Assignments of error are required in all opening briefs of appellants and cross-appellants. No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the face of the record."
[2] ORS 426.130 provides:

"(1) After hearing all of the evidence, and reviewing the findings of the examining persons, the court shall determine whether the person is mentally ill. If, in the opinion of the court, the person is:
"(a) Not mentally ill, the person shall be discharged forthwith.
"(b) Mentally ill based upon clear and convincing evidence, the court:
"(A) Shall order the release of the individual and dismiss the case if:
"(i) The mentally ill person is willing and able to participate in treatment on a voluntary basis; and
"(ii) The court finds that the person will probably do so.
"(B) May order conditional release under this subparagraph subject to the qualifications and requirements under ORS 426.125. If the court orders conditional release under this subparagraph, the court shall establish a period of commitment for the conditional release.
"(C) May order commitment of the individual to the Department of Human Services for treatment if, in the opinion of the court, subparagraph (A) or (B) of this paragraph is not in the best interest of the mentally ill person. If the court orders commitment under this subparagraph:
"(i) The court shall establish a period of commitment.
"(ii) The department may place the committed person in outpatient commitment under ORS 426.127.
"* * * * *
"(2) A court that orders a conditional release or a commitment under this section shall establish a period of commitment for the person subject to the order. Any period of commitment ordered for commitment or conditional release under this section shall be for a period of time not to exceed 180 days.
"(3) If the commitment proceeding was initiated under ORS 426.070(1)(a) and if the notice included a request under ORS 426.070(2)(d)(B), the court shall notify the two persons of the court's determination under subsection (1) of this section."