Submitted March 7, reversed April 16, 2014

In the Matter of B. T.,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

B. T.,
*Appellant.*

Josephine County Circuit Court
13M0080; A155397

323 P3d 993

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of an order committing him for a period not to exceed 180 days. ORS 426.130. He first contends that the trial court committed plain error when it failed to advise him of his right to subpoena witnesses. *See* ORS 426.100(1) (providing that the court shall advise the person of, among other things, "[t]he right to subpoena witnesses"). The state concedes that the trial court's failure constitutes plain error and requires reversal. We agree, accept the state's concession, and conclude that it is appropriate to exercise our discretion to correct the error. *See State v. M. L. R.*, 256 Or App 566, 570-72, 303 P3d 954 (2013) (observing that "plain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice" and exercising discretion to correct the plain error (internal quotation marks omitted)). Because we reverse the judgment on that basis, we do not address appellant's second assignment of error.

Reversed.