Submitted June 4, reversed November 19, 2014

In the Matter of K. M.,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

K. M.,
*Appellant.*

Washington County Circuit Court
C120018MC; A151205

340 P3d 121

Susan D. Isaacs filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Following a hearing, appellant was determined to be mentally ill on the grounds that she was dangerous to herself and others because of a mental disorder. ORS 426.130.[1] On appeal, appellant contends that the court plainly erred in failing to sufficiently advise her of her rights under ORS 426.100(1). The state responds that the court did not plainly err because some of the required advice was given, and appellant was otherwise advised by her counsel about the nature of the proceedings. We agree with appellant that the trial court plainly erred in failing to advise her of all of her rights under ORS 426.100(1), and the record does not demonstrate that the harm was mitigated by appellant's counsel's actions. We exercise our discretion to correct the error and reverse the judgment of commitment. Because we reverse the judgment on that basis, we do not address appellant's assignment of error on the sufficiency of the evidence to support the involuntary commitment.

The procedural facts necessary to frame the issue on appeal are few. Appellant suffered a traumatic brain injury when she was 16 years old and, in the succeeding years, has had short-term memory loss, extreme mood disorders, and behavioral problems. She has been hospitalized several times to treat her delusions and psychoses. She was placed in a hospital hold by a physician in early 2012 and cited to appear at a commitment hearing. The court appointed counsel for appellant on the day of the hearing and opened the proceeding with the following declarations:

"COURT: Okay. * * * [W]e're here for a hearing to decide what's in your best interest. The purpose of the hearing is to decide whether or not you suffer from a mental illness and if so what should happen as a result of that mental illness.

---

[1] ORS 426.130 requires the court, following a commitment hearing, to determine whether the alleged mentally ill person is mentally ill. ORS 426.005(1)(e) defines "mentally ill person" to include a person "who, because of a mental disorder, is * * * [d]angerous to self or others." In 2013, the legislature amended ORS 426.005 to 426.385 to, among other things, substitute the term "person alleged to have a mental illness" for "allegedly mentally ill person" in those statutes. Or Laws 2013, ch 360; Or Laws 2013, ch 715. All references to ORS 426.005 to 426.385 in this opinion are to the provisions in effect at the time of the 2012 commitment hearing.

"We're going to have a hearing and the State is going to present evidence through the attorneys to help me decide whether or not you have a mental illness and importantly what should happen because of that mental illness.

"After that evidence is presented by the State, you'll have the opportunity through your lawyer to present evidence too.

"Your attorney, [counsel], who is here to help you, will be able to ask all those witnesses questions on your behalf and be able to make arguments for you.

"I will take it that it's okay with you if the Court appoints [counsel] to help you with this hearing?

"[APPELLANT]: Yes.

"COURT: Okay. For the purposes of this hearing then, I'm going to ask you to make sure that you cooperate with your attorney, that you communicate with her so that she asks all the questions that you'd want to ask if you could ask the witnesses questions.

"[APPELLANT]: Okay.

"COURT: Okay? Do you have any questions that I can answer for you?

"[APPELLANT]: No."

Appellant contends that the court's advice to her did not comply with ORS 426.100, that the court's error is apparent on the record, and that we should exercise our discretion to correct that plain error under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).[2]

---

[2] In *Ailes*, the Supreme Court stated that, "in deciding whether to exercise its discretion to consider an error of law apparent on the face of the record," a court may consider, among other factors,

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, i.e., whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

312 Or at 382 n 6.

ORS 426.100(1) provides:

"At the time the allegedly mentally ill person is brought before the court, the court shall advise the person of the following:

"(a)   The reason for being brought before the court;

"(b)   The nature of the proceedings;

"(c)   The possible results of the proceedings;

"(d)   The right to subpoena witnesses;

"(e)   The person's rights regarding representation by or appointment of counsel."

We explained the function of the required advisements under ORS 426.100(1) in *State v. May*, 131 Or App 570, 571, 888 P2d 14 (1994):

"Those are mandatory advisements specifically designed to ensure that the alleged mentally ill person receives the benefits of a full and fair hearing. The court must either advise the alleged mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made."

"The trial court's failure to provide the advice required by the statute is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve the issue at the hearing." *State v. Ritzman*, 192 Or App 296, 298, 84 P3d 1129 (2004). Furthermore, as we explained in *State v. S. J. F.*, 247 Or App 321, 325-26, 269 P3d 83 (2011), in considering the *Ailes* factors,

"plain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice. As we have observed, a civil commitment has serious consequences. *See, e.g., State v. D. R.*, 239 Or App 576, 582, 244 P3d 916 (2010) (a 'serious deprivation of liberty and social stigma *** are attendant to a civil commitment'); *State v. G. L.*, 238 Or App 546, 558, 243 P3d 469 (2010) (civil commitment 'deprives a person of his or her constitutionally protected

liberty interest, and carries deleterious collateral effects, including a social stigma which affects the person's reputation and earning potential' (internal citations and quotation marks omitted)). The purpose of ORS 426.100(1) is to ensure that, before an allegedly mentally ill person suffers those consequences, he or she receives 'the benefit of a full and fair hearing.' [*State v.*] *Allison*[, 129 Or App 47, 50, 877 P2d 660 (1994)]. If a court does not provide a person with all of the information required by ORS 426.100(1), the person does 'not receive that benefit.' *State v. Grellert*, 144 Or App 201, 203, 925 P2d 161 (1996). Thus, as we have held, failure to provide a person with that information constitutes an 'egregious' error that justifies plain error review. [*State v.*] *Tardanico*, [132 Or App 230, 231, 888 P2d 15 (1994)]."

Here, the court plainly erred in not giving the advice required under ORS 426.100(1). Appellant was not advised of the possible results of the proceeding, her right to subpoena witnesses, and her rights regarding representation by counsel. The failure to provide any one of the advisements required under ORS 426.100(1) is plain error. *See S. J. F.*, 247 Or App at 326 (failure to provide "all of the information required by ORS 426.100(1)" denies the benefit of a full and fair hearing); *State v. Z. A. B.*, 264 Or App 779, 780, 334 P3d 480, *adh'd to as modified on recons*, 266 Or App 708, 338 P3d 802 (2014) (failure to advise of right to subpoena witnesses alone sufficient plain error to justify reversal); *State v. B. T.*, 262 Or App 323, 323 P3d 993 (2014) (same). As a whole, the advice did not provide appellant "with sufficiently productively usable information to enable [her] to take the actions necessary to protect * * * her interests." *State v. A. L. B.*, 166 Or App 552, 556, 999 P2d 541 (2000), *rev dismissed*, 335 Or 142 (2002).

The state argues, nonetheless, that the error was harmless in this case because it is inferable from the record that appellant was advised of her rights by her attorney. In determining whether the failure to provide the information required by ORS 426.100(1) is harmless, "we focus on whether the appellant received all of the information from another source." *State v. M. L. R.*, 256 Or App 566, 571, 303 P3d 954 (2013).

Toward the end of the hearing, the court remarked:

"And [appellant], thank you for giving me your attention. I * * * very much appreciate it.

"So, as you know, everyone has asked me to decide that really important question of what should happen next. Right? And as you know from [your] discussions with your attorney here in court, the question for me is whether or not you should go to the hospital now and ask them to decide how long you should stay and when you should be released. Or alternatively just let you go home now. And ask that you take care of yourself. That's the question."

We do not infer from the court's passing reference to "discussions with [appellant's] attorney" about a possible outcome of the proceeding that appellant received all of the information required by the statute. That appellant was given some advice by her attorney says nothing about whether she was completely advised of her rights under ORS 426.100(1).

The state also argues that, because appellant was represented by an attorney when the incomplete advice of rights was given, the error was not plain. In support of its argument, the state relies upon *State v. J. D. C.*, 226 Or App 563, 204 P3d 162 (2009). In that case, the court gave advice on all of the items of information listed in ORS 426.100(1). The appellant argued that the "possible results of the proceedings" advice was incomplete because the court only advised that, "if you're found mentally ill, you could be placed in a mental hospital for as much as one hundred and eighty days" and failed to inform him of other possible results of the commitment proceedings—conditional release and discharge. *Id.* at 565-66 (internal quotation marks omitted). We concluded that the court was required only to give "general and comprehensible information" about each statutory item, so that it was disputable whether the failure to advise of all of the potential outcomes of the hearing was plainly erroneous. We noted, however, that,

"[h]ad appellant not been represented by counsel at the time of the incomplete warnings, then the analysis could be different. As discussed above, our inquiry into what information suffices to give an allegedly mentally ill person 'sufficiently productively usable information' to act to protect

his or her interests is informed by the overall statutory scheme and its interlocking protective measures. [*A. L. B.*], 166 Or App at 556. Where other protective measures, such as appointment of counsel, have not been put in place at the time an incomplete warning is given, the error may be less open to dispute."

*Id.* at 570.

Although, as explained in *J. D. C.*, representation by counsel may be relevant in determining whether the giving of a particular statutory item of advice is sufficiently useful under the statute, such representation is no substitute or excuse for the failure to give an item of advice at all. It was plain error for the court to fail to advise appellant of the possible results of the proceeding, her right to subpoena witnesses, and her rights regarding representation by counsel. *See Allison*, 129 Or App at 50 ("Whether or not [the] appellant is represented by counsel, the court must inform [the] appellant of the nature and possible outcome of the proceedings."); *see also State v. M. T.*, 244 Or App 299, 306, 258 P3d 1288 (2011) ("Representation by counsel can render a court's failure to comply with ORS 426.100(1) harmless if the record establishes that counsel adequately advised the allegedly mentally ill person of the information specified in ORS 426.100(1)[.]").[3]

Thus, we conclude that the trial court's failure to advise appellant of her rights under ORS 426.100(1) was plain error and, for the reasons set forth in *S. J. F.*, 247 Or App at 325-28, we exercise our discretion to correct that error.

Reversed.

---

[3] "We need not decide whether the trial court's failure to advise [a represented] appellant of the right to counsel was harmless error, because, in any event, the court's failure to inform her of the right to subpoena witnesses was not harmless error." *State v. V. B.*, 264 Or App 621, 623, 333 P3d 1100 (2014).