PER CURIAM
*573 In this appeal, appellant seeks reversal of an order committing her to the Mental Health Division for a period not to exceed 180 days. See ORS 426.130. She contends, in an unpreserved assignment of error, that the order should be reversed because the trial court failed to inform her, as required by ORS 426.100(1)(c), of some of the possible results of the hearing. The state concedes the error, and we agree that the court's failure to fully comply with ORS 426.100(1) constitutes plain error. See State v. Ritzman , 192 Or.App. 296, 298-99, 84 P.3d 1129 (2004) (failure to advise the allegedly mentally ill person directly regarding the rights listed in ORS 426.100(1) or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made is plain error). We further conclude, for the reasons stated in State v. M.L.R. , 256 Or.App. 566, 570-72, 303 P.3d 954 (2013) (nature of the civil commitment proceedings, the gravity of the violation, the ends of justice, and the lack of harmless error), that it is appropriate to exercise our discretion to correct the error.[1]
Reversed.

Our disposition obviates the need to address appellant's other assignments of error.