PER CURIAM
*281 *582 Appellant seeks reversal of a judgment committing her to the custody of the Mental Health Division for a period not to exceed 180 days and an order prohibiting her from purchasing or possessing firearms. See ORS 426.130. In her first assignment of error, appellant contends that the trial court plainly erred when it failed to comply with ORS 426.100(1).[1] She argues, in part, that the court plainly erred by not advising her of the information and rights required by that subsection of the statute, which provides:
"At the time the person alleged to have a mental illness is brought before the court, the court shall advise the person of the following:
"(a) The reason for being brought before the court;
"(b) The nature of the proceedings;
"(c) The possible results of the proceedings;
"(d) The right to subpoena witnesses; and
"(e) The person's rights regarding representation by or appointment of counsel."
ORS 426.100(1).
The state, for its part, concedes that the trial court's failure to advise appellant of her rights as required by ORS 426.100(1) is plain error and requires reversal. See, e.g. , State v. K. M. , 267 Or. App. 1, 7, 340 P.3d 121 (2014) (concluding that failure to advise appellant of her rights under ORS 426.100(1) is plain error and exercising discretion to correct that error). We agree, accept the state's concession, and, for the reasons set forth in K. M. , exercise our discretion to correct the error. See also State v. M. L. R. , 256 Or. App. 566, 570-71, 303 P.3d 954 (2013) (concluding that the "failure to provide a person with all of the information required by ORS 426.100(1) constitutes an egregious error that justifies plain error review").
Reversed.

Our disposition of appellant's first assignment of error obviates the need to address her second assignment of error.