LAGESEN, P. J.
*200 Appellant appeals a judgment continuing her commitment for mental illness for an additional period of up to 180 days. She argues that the trial court plainly erred by failing to provide the advice of rights and information specified in ORS 426.100(1). The state disputes that the court erred at all, or that the error could qualify as plain. We affirm.
At appellant's recommitment hearing, the trial court informed appellant at the outset of the hearing that, if the court found by clear and convincing evidence that appellant was a person with mental illness, it could continue appellant's commitment for up to 180 days, and that, if the state failed to prove that, then "you'd be free to leave."
Citing State v. M. M. , 288 Or. App. 111, 115, 405 P.3d 192 (2017), appellant argues that the trial court plainly erred when it failed to inform her as required by ORS 426.100(1)(c) of all of the possible results of the proceeding, including the possibilities of voluntary treatment and conditional release.[1]
*76 The state responds that it is not plain that ORS 426.100(1) even applies in this circumstance, but that, even if it does, the trial court did not err at all because neither conditional release nor voluntary treatment is a possible outcome of the recommitment proceedings, under the applicable statutes.[2]
*201 For the reasons that follow, we conclude that the trial court did not plainly err.
Assuming without deciding that it is plain that ORS 426.100(1) applies to recommitment proceedings, the question remains whether the possible results of those proceedings include voluntary treatment or conditional release. Three statutes provide the framework for the continuation of a person's existing period of commitment. State v. T. Z. , 287 Or. App. 8, 12, 401 P.3d 1265 (2017). ORS 426.301(1) provides:
"At the end of the 180-day period of commitment, any person whose status has not been changed to voluntary shall be released unless the Oregon Health Authority certifies to the court in the county where the treating facility is located that the person is still a person with mental illness and is in need of further treatment. * * * If the certification is made, the person will not be released, but the director of the treating facility shall immediately issue a copy of the certification to the person and to the community mental health program director of the county of residence."
If the certification is made, ORS 426.301(2) and (3) require that it be served on the person and that the certification advise the person of certain rights and information.[3] Next, *202 ORS 426.303 provides that, when a person has protested a further period of commitment,
"the Oregon Health Authority or facility designated in accordance with ORS 426.301 *77 shall immediately notify the court and the court shall have the person brought before it and shall again advise the person that the authority or facility has requested that commitment be continued for an additional period of time and that if the person does not protest this commitment the commitment will be continued for an indefinite period of time up to 180 days. The person shall also be informed of the rights set forth in ORS 426.301."
Finally, ORS 426.307 specifies the procedure for a court hearing when a person has requested a hearing under ORS 426.301. ORS 426.307(6) provides:
"The court shall then conduct a hearing and after hearing the evidence and reviewing the recommendations of the treating and examining physicians or other qualified professionals, the court shall determine whether the person is still a person with mental illness and is in need of further treatment. If in the opinion of the court the individual is still a person with mental illness by clear and convincing evidence and is in need of further treatment, the court may order commitment to the authority for an additional indefinite period of time up to 180 days."
Taken together, and based on their plain text, the statutes appear to contemplate that, at the end of a period of commitment, if the person's status has not been changed to voluntary, the person must be released if the Oregon Health Authority or treating facility has not certified that the person is still a person with mental illness and in need of further treatment. T. Z. , 287 Or. App. at 12, 401 P.3d 1265. Once the Oregon *203 Health Authority or treating facility makes that certification, however, when the person protests a further period of commitment and the court holds a hearing on the matter, the statutes provide for two outcomes: If the court finds that the person is still a person with mental illness and in need of further treatment, it "may order commitment to the authority for an additional indefinite period of time up to 180 days," or, if the court does not make those findings, then the person must be released, as required by ORS 426.301. Appellant has not identified any source of law authorizing another outcome in a recommitment proceeding, and we are aware of none. Thus, it is not plain that voluntary treatment and conditional release are possible outcomes of recommitment proceedings. The trial court did not plainly err by not including those outcomes when it advised appellant.
Affirmed.

ORS 426.100(1) provides, in part:
"At the time the person alleged to have a mental illness is brought before the court, the court shall advise the person of the following:
"* * * * *
"(c) The possible results of the proceedings[.]"
We have held in the context of initial commitments that that requirement includes informing the person not just of the possibilities of release or commitment for up to 180 days, but also the possibilities of voluntary treatment or conditional release, as provided in ORS 426.130(1) and (2), the statute that applies to initial commitments. M. M. , 288 Or. App. at 113, 115, 405 P.3d 192.

The state argues that it is not plain that ORS 426.100(1) applies to recommitment proceedings at all. Rather, it argues, recommitment proceedings are governed by separate statutes, which include separate provisions concerning the advice-of-rights to be provided by the court in such proceedings. There are reasons to think that ORS 426.100(1) may not apply to recommitment proceedings. See, e.g., ORS 426.301(3) (requiring that recommitment citation advise person of specified information and rights); ORS 426.303 (requiring court to again advise person of specified information and inform person of rights in ORS 426.301 ); State v. Montgomery , 147 Or. App. 69, 70, 934 P.2d 640 (1997) (analogizing advice of rights requirements of ORS 426.303 in recommitment proceedings to advice of rights requirements of ORS 426.100(1) in initial commitment proceedings); but see State v. Ritzman , 192 Or. App. 296, 298-301, 84 P.3d 1129 (2004) (failure to comply with ORS 426.100(1) was plain error in recommitment proceeding, but error was harmless in part because recommitment notice contained advice of rights that "not only duplicated the advice that ORS 426.100(1) requires but exceeded it"). But we need not resolve that issue in this case.

ORS 426.301(3) requires that the certification advise the committed person of the following:
"(a) That the authority or facility has requested that commitment be continued for an additional period of time.
"(b) That the person may consult with legal counsel and that legal counsel will be provided for the person without cost if the person is unable to afford legal counsel.
"(c) That the person may protest this further period of commitment within 14 days, and if the person does not protest the further commitment, commitment will be continued for an indefinite period of time up to 180 days.
"(d) That if the person does protest a further period of commitment, the person is entitled to a hearing before the court on whether commitment should be continued.
"(e) That the person may protest either orally or in writing by signing the form accompanying the certification.
"(f) That the person is entitled to have a physician or other qualified professional as recommended by the authority, other than a member of the staff at the facility where the person is confined, examine the person and report to the court the results of the examination.
"(g) That the person may subpoena witnesses and offer evidence on behalf of the person at the hearing.
"(h) That if the person is without funds to retain legal counsel or an examining physician or qualified professional as recommended by the authority, the court will appoint legal counsel, a physician or other qualified professional."