Submitted September 24, affirmed November 20, 2019

In the Matter of T. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

T. W.,
*Appellant.*

Marion County Circuit Court
18CC02251; A169202

452 P3d 1081

Janet A. Klapstein, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals a judgment continuing his commitment to the Oregon Health Authority for 180 days. He assigns error to the trial court's failure to advise him that the court would appoint a physician to examine him at court expense, as the court was required to do under ORS 426.303 and ORS 426.301(3)(h). He acknowledges that the assigned error is not preserved but contends that the error should be reviewed and corrected as plain error.

In response, the state concedes that the trial court erred and also that the error is plain. It contends, however, that we should not exercise our discretion to correct that error. The state points to the fact that the record shows that appellant was delivered a written notice of rights containing the omitted advice, that appellant signed that notice, and that the person serving the notice also signed it, certifying that the notice had been read to appellant. The state observes that, in *State v. Ritzman*, 192 Or App 296, 300-01, 84 P3d 1129 (2004), we concluded that a similar error—the failure to advise the appellant fully of her rights—was harmless where, much as is the case here, the record reflected that the appellant had signed a written copy of a notice of rights containing all required information, and the person delivering the notice had signed and dated it, certifying that it had been read to the person.

Under *Ritzman*, the trial court's error in failing to advise appellant of his right to have a physician appointed at court expense is harmless. As in that case, appellant received written notice of that right and also had it read to him by the person serving that notice. Because the error is harmless, plain or not plain, we may not correct it on appeal. *State v. Kerne*, 289 Or App 345, 349-50, 410 P3d 369 (2017), *rev den*, 363 Or 119 (2018) ("One circumstance in which we will not and cannot exercise our discretion to correct a plain error is when that error is harmless[.]").

Affirmed.