Submitted November 8, 2019, affirmed December 2, 2020

In the Matter of J. R.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. R.,
*Appellant.*

Multnomah County Circuit Court
18CC02825; A169514

477 P3d 421

Janet A. Klapstein, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals the trial court's order that continued appellant's civil commitment to the Oregon Health Authority (OHA) for a period of time not to exceed 180 days. ORS 426.301 (providing that a person committed must be released at the end of 180 days unless OHA certifies to the court that "the person is still a person with mental illness and is in need of further treatment" and setting out a procedure that allows the person to protest the continued commitment). Appellant argues that it was plain error for the court to fail to advise him that he was entitled to have the court appoint a physician to examine him at the court's expense. ORS 426.303 (a person who protests continued commitment must be informed of rights set out in ORS 426.301); ORS 426.301(3)(g) (a person is entitled to an examination by a physician (or qualified professional) who is not a member of the facility confining the person); ORS 426.301(3)(h) (trial court will appoint an outside physician (or qualified professional) if the person protesting continued commitment cannot afford one).

The state concedes that the trial court error plainly erred but does not concede that we should exercise our discretion to correct the error. In the state's view, the error was harmless. That is because appellant received a notice that stated that the OHA intended to continue his commitment and that appellant was entitled, at no cost to appellant, to an examination by a physician from outside the facility confining him. The server who delivered the notice read to appellant those statutory rights.

We agree with the state. We decided a virtually identical issue in *State v. T. W.*, 300 Or App 646, 647, 452 P3d 1081 (2019). There, relying on *State v. Ritzman*, 192 Or App 296, 300-01, 84 P3d 1129 (2004), we held that the trial court's error in failing to advise the appellant of his right to have a physician appointed at court expense was harmless because the appellant had been adequately informed of his rights when served with the notice, and we therefore did not exercise our discretion to correct the error. *T. W.*, 300 Or App at 647 (citing *State v. Kerne*, 289 Or App 345, 349-50, 410 P3d 369 (2017), *rev den*, 363 Or 119 (2018) ("One circumstance

in which we will not and cannot exercise our discretion to correct a plain error is when that error is harmless[.]")). We likewise in this case do not exercise our discretion to correct the plain error, and we affirm the continued commitment order.

Affirmed.