Submitted August 6, reversed September 15, 2021

In the Matter of C. M. B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. M. B.,
*Appellant.*

Jackson County Circuit Court
21CC02735; A176099

495 P3d 751

Laura A. Cromwell, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals from a judgment committing her to the Mental Health Division for a period not to exceed 180 days and an order prohibiting her from purchasing or possessing firearms. She asserts that the trial court erred in accepting her stipulation to the commitment without holding a hearing and advising her of her rights under ORS 426.100(1). The state concedes that the court erred in failing to advise appellant of her rights. We agree and accept the concession.

Appellant was detained on a physician's hold as a person alleged to have a mental illness and was scheduled for a hearing five judicial days thereafter. On the fourth judicial day, the court appointed counsel for appellant, and later that day, appellant, her counsel, and a deputy district attorney signed a document entitled "stipulation and agreement for commitment," in which appellant acknowledged her mental disorder and that she was a danger to others. Thereafter, without holding a hearing, the court entered the judgment committing appellant and the order prohibiting her from purchasing or possessing firearms.

Pursuant to ORS 426.095(2)(b), the court is required to hold a commitment hearing within five judicial days of the detention of a person alleged to have a mental illness. Although limited exceptions exist for the postponement of such hearing, *see, e.g.*, ORS 426.095(2)(c), the statutes do not provide for dispensing with the hearing altogether without the court having informed the person of his or her rights under ORS 426.100(1). *See State v. Allison*, 129 Or App 47, 50, 877 P2d 660 (1994) (court erred in accepting stipulation to mental commitment without first advising the appellant of his rights pursuant to ORS 426.100(1)); *cf. State v. Burge*, 167 Or App 312, 316, 1 P3d 490 (2000) (counsel may not waive advice of rights of the person alleged with mental illness because court must conduct an examination on the record to determine whether the waiver is knowing and voluntary).

Reversed.