Submitted October 19, 2020, affirmed March 2, petition for review denied July 7, 2022 (370 Or 56)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAIME MORENO,
*Defendant-Appellant.*

Malheur County Circuit Court
18CR80256; A170311

506 P3d 1148

Erin K. Landis, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeHoog, Judge pro tempore.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for first-degree burglary, ORS 164.225. Defendant raises four assignments of error, all of which defendant concedes are unpreserved and as to which he seeks plain error review. In his first assignment of error, defendant argues that the trial court plainly erred by failing to dismiss the first-degree burglary charge *sua sponte*, because the indictment failed to specify which crime defendant intended to commit within a dwelling and instead alleged his "intent to commit the crime of Menacing and/or Harassment therein." Relatedly, defendant's second assignment asserts that the court plainly erred by failing to instruct the jury that 10 or more of its members must concur as to the specific crime that he intended to commit within the dwelling.[1] Defendant's third claim of error is that the trial court plainly erred in ranking his burglary conviction a crime Category 9 offense, when the jury was asked to find whether he had "threatened and/or *attempted to cause* physical injury to the occupant" of the dwelling, rather than whether he had "threatened or *caused* physical injury," as required by OAR 213-018-0025(1)(b). (Emphasis added.) Finally, defendant asserts that the trial court plainly erred in giving a nonunanimous jury instruction, although no jury poll was taken.

We reject defendant's first assignment of error without discussion. As to his second assignment, we agree that the trial court should have given a jury concurrence instruction as to the specific crime that defendant intended to commit within the dwelling. *See State v. Frey*, 248 Or App 1, 9, 273 P3d 143 (2012), *rev den*, 354 Or 814 (2014) (holding in similar circumstances that trial court was required to give "*Boots*" instruction as to the specific offense that the defendant intended to commit, citing *State v. Boots*, 308 Or 371, 780 P2d 725 (1989), *cert den*, 510 US 1013, 114 S Ct 606, 126 L Ed 2d 571 (1993). We agree, however, for the reasons articulated by the state, that the error was harmless; that

---

[1] Defendant's trial was held before the United States Supreme Court issued its decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), requiring jury unanimity under the Sixth Amendment to the United States Constitution.

conclusion precludes reversal, even if the error was plain. *See State v. T. W.*, 300 Or App 646, 647, 452 P3d 1081 (2019) ("Because the error is harmless, plain or not plain, we may not correct it on appeal.").

Turning to defendant's third assignment of error, we again conclude that the trial court did not commit reversible error. That is, assuming without deciding that the trial court plainly erred in sentencing defendant under crime Category 9 without first requiring the jury to find that defendant had "threatened or *caused* physical injury," OAR 213-018-0025(1)(b), we decline to exercise our discretion to correct the error. Here the asserted error could have been avoided had defendant raised the issue at any of several points in his prosecution, including by seeking a jury instruction that tracked the applicable rule[2] or by challenging the classification at sentencing, because it would be contrary to general preservation principles. Moreover, given the way in which the case was tried and the fact that the jury found defendant guilty of an actual assault in the same trial, the jury is unlikely to have found that defendant had "attempted to cause physical injury" without also finding that he had threatened the same thing. In light of those considerations, the slight discrepancy between the language of the jury instruction and the actual requirements of OAR 213-018-0025(1)(b) is not, in this case, sufficient to overcome the general goals of preservation, *i.e.*, procedural fairness to the parties and to the trial court. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (listing various factors relevant to discretionary decision whether to review plain error). Accordingly, we reject defendant's third assignment of error.

Finally, although we agree that the trial court plainly erred in instructing the jury that its verdict need not be unanimous, *see State v. Ulery*, 366 Or 500, 503, 464 P3d 1123 (2020), defendant's argument that he has demonstrated reversible error notwithstanding the lack of a jury poll has been rejected by the Supreme Court in *State v.*

---

[2] The instruction that the trial court gave tracked the language of the indictment rather than OAR 213-018-0025(1)(b) (stating relevant aggravating factor).

*Dilallo*, 367 Or 340, 348, 478 P3d 509 (2020). We must do the same.

Affirmed.