Argued and submitted May 15, reversed and remanded September 9, 1998

In the Matter of the Marriage of

Francis A. PATCHETT,
nka Francis A. McCamish,
*Appellant,*
*and*

Donald Bruce PATCHETT,
an individual,
and Bruce Chevrolet, Inc.,
an Oregon corporation,
*Respondents.*

(C952794DR; CA A97510)

964 P2d 1114

Terrance J. Slominski argued the cause for appellant. With him on the brief was Abby Wool Landon.

Robert C. Williamson argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, Armstrong, Judge, and Warden, Senior Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Wife appeals from a contempt judgment awarding husband's corporation damages and attorney fees for wife's failure to turn over property awarded to the corporation in the parties' stipulated dissolution judgment. Wife also challenges the court's order requiring husband to execute a stock pledge agreement pledging one-sixth of the corporation's stock as security for husband's payment of funds due under the judgment. We reverse.

The parties entered into a stipulated judgment dissolving their marriage. The judgment awarded husband all of the common stock in the family business, Bruce Chevrolet, Inc. The judgment also provided that

> "Husband shall be awarded as his sole and exclusive property free and clear of any right, title or interest of Wife and subject to any and all encumbrances thereon for which Husband shall be responsible and from which he agrees to hold Wife harmless: (1) all personal property and effects in his possession, including * * * those items set out in Exhibit 'A'."

Exhibit A provides, among other things, that "[i]tems belonging to Bruce Chevrolet [are] to be returned to Bruce Chevrolet." Husband claimed that the items subject to that provision included "Skippy," a wallaby bought by the corporation but in wife's possession. Skippy lived in a cage at the parties' former home, which had been awarded to wife in the judgment. Both parties were aware that Skippy occasionally escaped from his cage but usually returned on his own.

In November 1996, husband filed a contempt motion based on wife's alleged failure to turn over property belonging to husband and to the corporation, including Skippy. At the hearing on the motion, husband testified that he had made several unsuccessful attempts to retrieve Skippy in September 1996. In October 1996, at wife's request, husband gave wife 24-hour notice before attempting to retrieve Skippy from wife's home. The record is not clear about what prevented husband from getting Skippy in September and October. Soon thereafter, Skippy escaped from his cage and was never seen again. The trial court found that wife had

"moved away from the property and apparently left [Skippy] there in an unsecured cage when she had prior knowledge it could escape from the cage[,] without taking any other steps to protect the animal and care for it. She is in contempt for that conduct."

The trial court awarded the corporation $2,000 in compensatory damages for the loss of Skippy and $500 in attorney fees.

■ A contempt judgment must be supported by specific findings, including a finding that the violation of the court's order was "willful." *Southworth and Southworth*, 113 Or App 607, 610, 835 P2d 122 (1991), *rev den* 314 Or 574 (1992). For these purposes, a willful act is one undertaken with bad intent. *Couey and Couey*, 312 Or 302, 304-06, 821 P2d 1086 (1991). We review a contempt judgment to determine whether there is substantial evidence to support the trial court's findings and whether the findings support the court's conclusion that a party is guilty of contempt. *State ex rel Jiminez and Jiminez*, 55 Or App 221, 223, 637 P2d 928 (1981), *rev den* 292 Or 568 (1982). Here, we reverse the court's determination that wife is guilty of contempt because the record does not support a finding that wife violated the dissolution judgment willfully.

Husband and wife testified at the contempt hearing. Their testimony constitutes the only evidence on which the court based its findings. Although husband testified that he had made several attempts to get Skippy in September and October 1996, he did not present any evidence about why his efforts were unsuccessful. Moreover, there is no evidence that wife willfully prevented husband's recovery of Skippy. Wife testified that, although she had moved from the house in August, she had checked in on Skippy every day. She also testified that she had had people at the house on the day that Skippy disappeared. Skippy became frightened and escaped, only to come back later and escape again. We conclude that the testimony fails to establish that wife acted willfully to prevent husband's corporation from reclaiming Skippy.

■ Wife also assigns error to the court's order requiring husband to pledge one-sixth of his stock in Bruce Chevrolet.

The dissolution judgment awarded husband all of the common stock in Bruce Chevrolet, valued at approximately at $2 million, and awarded wife an equalizing judgment of $850,000. At the time of the dispute over the stock pledge agreement, husband had already paid wife $550,000 on the judgment, with the remaining $300,000 to be paid in five yearly installments of $60,000. The dissolution judgment provided that "the judgment shall be secured by the stock of Bruce Chevrolet-Geo subject to a stock pledge agreement or other asset held by husband of sufficient value to secure the outstanding judgment."

After entry of the dissolution judgment, the parties could not agree on the form of the stock pledge agreement, and wife filed a motion to require husband to execute a stock pledge and to deliver the stock. Wife argued that the clause required husband to pledge his entire stock in the corporation or another asset of sufficient value to secure the outstanding judgment. Husband argued that the clause only required him to pledge Bruce Chevrolet stock of sufficient value to cover the outstanding judgment. He estimated that the quantity of stock necessary to do that was one sixth of his stock. The court concluded that the clause is ambiguous. It resolved the ambiguity in husband's favor and entered an order approving husband's proposed pledge agreement and setting the security for wife's judgment at one sixth of husband's stock. We conclude that the clause is not ambiguous and reverse the trial court's order.

■■ Whether the terms of a writing are ambiguous is a question of law. *Yogman v. Parrot*, 325 Or 358, 361, 937 P2d 1019 (1997). Words or terms of a writing are ambiguous when they can reasonably, in context, be given more than one meaning. *Pacific First Bank v. New Morgan Park Corp.*, 319 Or 342, 348, 876 P2d 761 (1994). The phrase "or other asset held by husband of sufficient value to secure the outstanding judgment" refers to assets other than the stock. We conclude that the security clause in the judgment is not ambiguous and that it requires husband to pledge his entire stock in Bruce Chevrolet as security for wife's equalizing judgment or to pledge some other asset of sufficient value to secure the

obligation. The court erred in requiring husband to pledge only one-sixth of his stock in the company.[1]

Reversed and remanded.

---

[1] Because of our disposition, we need not address wife's second or third assignments of error.