Submitted September 4, reversed and remanded October 7, 2009

In the Matter of the Contempt of
Martin R. Capetz.

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

Martin R. CAPETZ,
*Defendant-Appellant.*

Malheur County Circuit Court
M07070115; A136626

218 P3d 568

Rankin Johnson IV filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Carolyn Alexander, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant, an attorney, appeals a judgment of contempt entered after he failed to appear at his client's sentencing hearing. On appeal, defendant argues (1) that the record does not establish that his conduct was willful and (2) that his conduct did not occur in the court's presence. *See* ORS 33.096 (providing, in part, that "[a] court may summarily impose a sanction upon a person who commits a contempt of court in the immediate view and presence of the court"); ORS 33.015(2) (defining contempt as particular acts "done willfully"). A discussion of the facts would be of no benefit to the bench, the bar, or the public. The state concedes that the record does not contain evidence that defendant's conduct was willful. *See Patchett and Patchett*, 156 Or App 69, 72, 964 P2d 1114 (1998) (reversing a trial court's determination that "wife is guilty of contempt because the record does not support a finding that wife violated the dissolution judgment willfully"). Based on our review of the record, we agree that the record contains no evidence that defendant's conduct was willful and accept the state's concession. Accordingly, we reverse the judgment of contempt.[1]

Reversed and remanded.

---

[1] In light of our disposition, we need not address defendant's alternative contention that his conduct did not occur in the court's presence.