Argued and submitted October 12; supplemental judgments determining that father is in remedial contempt and awarding attorney fees vacated and remanded November 23, 2022

In the Matter of the Marriage of

Joseph P. COWLES,
*Petitioner-Appellant,*
*and*

Lorna R. FLORMOE-COWLES,
*Respondent-Respondent.*

Lane County Circuit Court
150713860; A175100

522 P3d 557

Father appeals from supplemental judgments finding him in remedial contempt of the parenting time requirements of a supplemental judgment and assessing attorney fees, contending that the trial court erred in making a determination of remedial contempt without an express finding of willfulness. *Held*: The Court of Appeals agreed with father that the supplemental judgment of remedial contempt is defective because it does not include the required finding of willfulness. Because the evidence is sufficient to support a finding of willfulness and it is not clear that the trial court recognized that it was required to make an explicit finding of willfulness, the court remanded the case for the trial court to make that determination in the first instance.

Supplemental judgments determining that father is in remedial contempt and awarding attorney fees vacated and remanded.

Amit K. Kapoor, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Laura E. Coffin argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Supplemental judgments determining that father is in remedial contempt and awarding attorney fees vacated and remanded.

**TOOKEY, P. J.**

Father appeals from a supplemental judgment of the trial court entered on November 24, 2020, finding him in remedial contempt of parenting time requirements of a 2017 supplemental judgment, and from a supplemental judgment awarding mother her attorney fees based on the determination of contempt.[1] Father raises three assignments of error, arguing that the trial court (1) erred in finding him in contempt without including an explicit finding that he acted willfully; (2) erred in finding him in contempt in the absence of sufficient evidence; and (3) erred in awarding mother attorney fees. We agree with father that the supplemental judgment of remedial contempt is defective because it lacks the required finding of willfulness. We therefore vacate and remand the supplemental judgment of remedial contempt as well as the supplemental judgment awarding attorney fees.

A determination of remedial contempt is subject to the provisions of ORS 33.015,[2] which states that a person commits contempt of court by willfully disobeying a court order or judgment. As we held in *State v. Nicholson*, 282 Or App 51, 62, 383 P3d 977 (2016), a person acts "willfully" for purposes of ORS 33.015(2) if the person acts "intentionally and with knowledge that [the act or omission] was forbidden conduct."

The trial court's judgment states, simply, that "[father] is in contempt of court." Father asserts in his first assignment that the judgment is defective, because the trial court failed to make an explicit finding that father acted "willfully." *See Southworth and Southworth*, 113 Or App 607, 610, 835 P2d 122 (1991), *rev den*, 314 Or 574 (1992) (holding that a contempt judgment must be supported by "specific

---

[1] In a subsequent judgment of November 2021, father has been held to be in willful contempt of both the 2017 supplemental judgment and the November 24, 2020, supplemental judgment.

[2] ORS 33.015(2) provides, in part:

"'Contempt of court' means the following acts, done willfully:

"*****

"(b) Disobedience of, resistance to or obstruction of the court's authority, process, orders or judgments."

findings," including a finding that the violation of the court's order was "willful").

Mother responds that the assignment of error is not preserved, because father failed to advise the trial court that it was required to make a specific finding of willfulness. Mother concedes that father argued to the trial court that, *as a substantive matter*, the evidence must show that the contempt was willful, but she contends that that argument was not sufficient to preserve a challenge to the procedural failure to make a specific finding. *See Peeples v. Lampert*, 345 Or 209, 191 P3d 637 (2008) (requiring preservation of a challenge based on the trial court's failure to make mandated specific findings).

We have reviewed the transcript of the parties' hearing. Father's counsel argued to the trial court: "An order finding contempt must be supported by specific findings of fact, including a finding that the violation was willful." Thus, father's counsel did advise the court that a specific finding of willfulness was required. We conclude that that argument was sufficient to constitute a request for specific findings and to satisfy the twin preservation goals of ensuring procedural fairness and judicial efficiency. *Id.* at 222.[3]

Moving on to the merits of father's first assignment, we conclude that father is correct that, under our case law,

---

[3] ORCP 62 A provides:

"Whenever any party appearing in a civil action tried by the court so demands prior to the commencement of the trial, the court shall make special findings of fact, and shall state separately its conclusions of law thereon. In the absence of such a demand for special findings, the court may make either general or special findings. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact or conclusions of law appear therein."

In light of our conclusion that father made a request for specific findings related to willfulness, we need not address mother's contention that, under ORCP 62 A, the trial court's general finding of contempt was sufficient to support a finding of willfulness in the absence of a request for special findings. We note that ORCP 62 A is applicable to remedial contempt proceedings through Uniform Trial Court Rule (UTCR) 19.040(1)(a) ("Oregon Rules of Civil Procedure (ORCP) and Oregon Rules of Appellate Procedure (ORAP) apply respectively to original and appellate contempt proceedings for remedial sanctions under ORS 33.055."). *See* ORS 33.055(12) ("Proceedings under this section are not subject to the Oregon Rules of Civil Procedure except as provided in subsection (5) of this section or as may be provided in rules adopted under ORS 33.145."); ORS 33.145 ("The Supreme Court may adopt rules to carry out the purposes of ORS 33.015 to 33.155.").

a determination of remedial contempt must be supported by a specific finding of willfulness. As we held in *Southworth*, 113 Or App at 610, a contempt judgment must be supported by "specific findings," including a finding that the violation of the court's order was "willful." We have adhered to that requirement even after a legislative overhaul of the statutory provisions governing contempt proceedings in 1991, by Oregon Laws 1991, chapter 724, section 32.[4] *See Polygon Northwest v. NSP Development, Inc.*, 194 Or App 661, 670, 96 P3d 837 (2004) (holding that a contempt judgment must be supported by specific findings, including a finding that the violation of the court's order was "willful"); *State v. Ferguson*, 173 Or App 118, 126, 20 P3d 242 (2001) (same); *Patchett and Patchett*, 156 Or App 69, 72, 964 P2d 1114 (1998) (same).

We further reject mother's contention that the court's opinion in *Couey and Couey*, 312 Or 302, 821 P2d 1086 (1991), stands for the rule that, under the current contempt statutes, there is no requirement for a specific finding of willfulness. In *Couey*, the court held that, for the purpose of contempt under *former* ORS 33.010(1)(e), "a finding of willful disobedience of a valid court order *is* a finding that the contemnor acted with bad intent and is sufficient to support a contempt judgment," 312 Or at 306 (emphasis in original), and that "a trial court need not make *separate* findings regarding willfulness and bad intent to support a judgment of contempt." *Id.* (emphasis added). As we understand *Couey*, the court's holding was that a court need not separately find, *in addition to the finding of willfulness*, that a person acted with bad intent—not that the court need not make a finding of willfulness. And, as noted, since *Couey* we have adhered to the requirement for a written finding of willfulness. *Polygon Northwest*, 194 Or App at 670; *Ferguson*, 173 Or App at 126.

We also reject mother's contention, citing *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968), that because ORS 33.015 requires willfulness, we must assume that the trial court made a finding of willfulness consistent with

---

[4] In 1991, ORS 33.010 was repealed by Oregon Laws 1991, chapter 724, section 32, and replaced by ORS 33.015, which, as noted, states that "disobedience of, resistance to or obstruction of the court's authority, process, orders or judgments," if done "willfully," constitutes contempt of court. ORS 33.015(2)(b).

its conclusion that father was in contempt. As we have explained, our case law, both before and after 1991 revisions of the contempt statutes, has consistently required that a determination of remedial contempt be supported by a *specific* finding of willfulness, just as father argued to the trial court. A specific finding is one made by the court explicitly, not one that may be inferred.

In his second assignment of error, father contends that the evidence is insufficient to support a finding of willfulness. As we have noted, a person acts "willfully" for purposes of ORS 33.015(2) if the person acts "intentionally and with knowledge that [the act or omission] was forbidden conduct." *Nicholson*, 282 Or App at 62. We review the trial court's findings in a contempt proceeding under the same standard that applies to our review of jury verdicts, which is a review for any evidence to support the findings. *Polygon Northwest*, 194 Or App at 670. We have reviewed the record and conclude that the evidence would support a finding of willfulness.

Because the record is sufficient to support a finding of willfulness, and it is not apparent that the trial court recognized that it was required to make an explicit finding of willfulness, the appropriate disposition is to vacate the supplemental judgment of remedial contempt and remand for the trial court to make a determination of willfulness in the first instance. *See French and French*, 112 Or App 138, 140, 827 P2d 944 (1992) (remanding judgment of contempt for specific contempt findings).

In view of our conclusion that the supplemental judgment of remedial contempt must be vacated, we also vacate the supplemental judgment awarding attorney fees based on the determination of contempt.

Supplemental judgments determining that father is in remedial contempt and awarding attorney fees vacated and remanded.