***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted September 29, affirmed November 1, 2023

In the Matter of the Marriage of

Joseph P. COWLES,
*Petitioner-Appellant,*
*and*

Lorna R. FLORMOE-COWLES,
*Respondent-Respondent.*

Lane County Circuit Court
150713860; A177260

Amit K. Kapoor, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Laura E. Coffin argued the cause for respondent. Also on the brief was Luvaas Cobb.

Before Egan, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this case related to a parenting plan, father appeals from three supplemental judgments finding him in remedial contempt and two supplemental judgments awarding mother her attorney fees. We affirm.

The parties are entitled to equal parenting time with their joint child, C, pursuant to a 2017 parenting plan, which also requires that "[t]he child will not be permitted to determine whether to spend parenting time outlined here with the other parent" and that "[n]either parent will try to dissuade the child from spending the parenting time outlined here with the other parent." In 2020, the trial court found father in contempt for violating the parenting plan and imposed several requirements designed to remedy his interference with the relationship between mother and C, including the appointment of a family therapist and make-up parenting time. The court held all other sanctions in abeyance to give the parties time to effectuate the reunification of mother and C.

In February 2021, mother filed a second motion for contempt, alleging in part that father had continued to interfere with her parenting time. A few weeks before the scheduled hearing on that motion, father encouraged mother to request a postponement of the hearing so as to not jeopardize the progress that they had begun to make in family therapy. Mother did so on June 2, then on June 9, father sent an email to the court-appointed therapist, Dr. Poppleton, unilaterally terminating family therapy.[1] Mother filed a third motion for contempt on July 12. At a September 2021 hearing regarding mother's motions, Poppleton testified that father encourages C to reject mother by reinforcing an unfounded narrative that mother is unsafe, for example, by framing her attempts to communicate with C as "stalking."

The trial court found father to be in contempt as to each of mother's motions, specifically finding, among other things, that father "created an illusion of cooperation and progress in order to persuade mother to postpone a prior

---

[1] Father later requested to resume therapy after receiving a draft of Poppleton's report to the court.

hearing under the threat that progress would be undermined if she didn't and then *** terminated therapy and communication on the heels of the postponement causing serious set-backs in therapeutic reunification efforts" and that he "continues to allow [C] to choose whether or not to exercise contact with mother." The court ordered remedies to effectuate mother's and C's reunification, including C's temporary removal from father's home, continued family therapy, and regular status hearings. The court further ordered father to pay all of mother's attorney fees incurred since the 2020 judgment. After a status conference in November 2021, the court ordered father to pay mother's attorney fees incurred since the September hearing. Father appeals, challenging the findings of contempt and the two attorney fee awards.

Father argues in his first assignment of error that the trial court erred in finding him in contempt and contends in his second assignment of error that, as a result, the trial court also erred in its first attorney fee judgment. In particular, father argues that the court erred in finding that he acted "willfully" because, in his view, C's reluctance, not father's interference, prevented reunification. ORS 33.015(2)(b) ("'Contempt of court' means the following acts, done willfully: *** Disobedience of *** the court's authority, process, orders or judgments."); *State v. Nicholson*, 282 Or App 51, 62, 383 P3d 977 (2016) ("willfully" means "intentionally and with knowledge that the act or omission was forbidden conduct" (internal quotation marks and brackets omitted)). Given our standard of review and the facts recited above, we disagree. *Polygon Northwest Co. v. NSP Development, Inc.*, 194 Or App 661, 670, 96 P3d 837 (2004) (review of contempt findings is "for any evidence to support the findings"); *see also State v. Miller*, 196 Or App 354, 358, 103 P3d 112 (2004), *rev den*, 338 Or 488 (2005) ("[I]f the established facts support multiple reasonable inferences, the [factfinder] may decide which inference to draw."). As noted, there is evidence that father intentionally hindered reunification efforts ordered by the court. As a result, the trial court did not err.

Father further argues that the trial court's findings were not "specific" enough. *See Cowles v. Flormoe-Cowles*, 322 Or App 741, 744-45, 522 P3d 557 (2022) (*Cowles I*)

(vacating and remanding the 2020 contempt judgment because it did not explicitly find that father acted willfully). Here, the trial court explicitly found that father willfully violated the parenting plan and subsequent orders and provided specific examples, including the ones described above. Those finding are sufficiently specific.

Father argues in his third assignment of error that the trial court erred in its second attorney fee judgment because, in father's view, such fees could only be supported by proving new acts of contempt. That argument is unavailing. Among the remedial sanctions that the court is authorized to impose for contempt are costs and attorney fees "suffered by the party as the result of a contempt of court." ORS 33.105(1)(a), (e). Here, mother incurred costs and fees in order to effectuate the court's September orders, including by paying Poppleton's fees, negotiating where C would live, and preparing for the status conference. Because the September orders were designed to remedy father's contempt, the costs and fees that mother incurred to effectuate those orders were suffered "as the result of a contempt of court." The trial court did not err.

Affirmed.