IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| DAVID JOHN MEDNANSKY, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5465** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CURRY COUNTY ASSESSOR, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR ORDER TO SHOW** |
| Defendant-Intervenor. | ) | **CAUSE** |

This matter is before the court on Plaintiff's Motion for Order to Show Cause, filed on January 19, 2026 (Motion), and the response filed by Defendant-Intervenor (the County) on January 21, 2026 (Response). Defendant Department of Revenue has not responded to the Motion. (*See* Def's Answer at 1 (tendering defense to County).)

Plaintiff moves for an order "to force the [County] to appear at a hearing and explain why [the County] should not be held in contempt of Court for failing to provide the discovery items this Court ordered [the County] to turn over to Plaintiff" in the court's December 30, 2025, Order on Plaintiff's Motion To Compel Discovery (Order).[1] (*See* Ptf's Motion at 1.) The County objects that it has fully complied with the Order. (*See* Inv's Obj at 3.)

---

[1] The court interprets Plaintiff's references to "Defendant" as references to the County, which is the party that assesses the subject property for taxation.

The court concludes that Plaintiff's motion is procedurally flawed, and in any event the court agrees with the County on the merits; the record shows that the County has not willfully disobeyed the Order.

Plaintiff's motion is procedurally flawed because Plaintiff did not follow the statutory process for initiating contempt proceedings. In discovery disputes, Tax Court Rule (TCR) 46 B(2)(d) provides that the court may treat "the failure to obey any order" as "a contempt of court." However, as referenced in TCR 78 B, enforcement of an order by contempt proceedings is governed by ORS 33.015 to 33.155.[2] Those statutes, and the rules of the Oregon Supreme Court thereunder, require a person seeking contempt sanctions to file a new action, in compliance with labeling and other specifications, and to serve the initiating instrument in compliance with specific rules of service under TCR 7. *See* Uniform Trial Court Rules ch 19. Simply filing a motion in this case does not suffice, and the court must deny the motion for that reason.

Turning to the merits, contempt requires that the person act willfully in disobeying, resisting, or obstructing a court order. *See* ORS 33.015(2); *Cowles and Flormoe-Cowles*, 322 Or App 741, 742, 522 P3d 557 (2022). In this case, the Order directs the County as follows: "The documents to be produced are any and all 'tax cards, that is, land appraisal cards and residence appraisal cards, on file with the Assessor' for" ten properties identified by street address. *Mednansky v. Dept. of Rev.*, TC 5465 (Dec 30, 2025) (slip op at 2.) The Order quotes Plaintiff's request in his motion to compel. The Order includes a finding "that the class of documents actually requested in Plaintiff's motion [to compel] is sufficiently narrow to address the County's objection to the burden of responding to Plaintiff's [December 20, 2025] informal request by

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2025 edition unless otherwise stated. The court's references to the Tax Court Rules (TCR) are to the 2026 edition.

email." *Id*. Plaintiff now argues that the County should have produced all documents within the broader range he requested informally on December 20, 2025. The County argues that it has produced exactly what the Order called for.

The court finds:

- The County has produced a "property record card" for each of the ten properties listed in the Order. (Ptf's Motion, Ex 5.)

- The property record cards are responsive to the direction to the County in the Order to produce "any and all 'tax cards, that is, land appraisal cards and residence appraisal cards, on file with the Assessor' for" the ten properties.

- The County repeatedly has expressed its willingness to engage in informal discovery to resolve any remaining dispute, even though discovery is closed. (Inv's Obj to Mot to Compel at 3; Resp at 3, 5; Inv's Letter, Jan 12, 2026, at 2.)

These findings provide no objectively reasonable basis for a conclusion that the County has willfully disobeyed, resisted, or obstructed the Order. The County reasonably (and correctly) interprets the Order as requiring production of a subset of the documents Plaintiff had requested informally by email on December 20, 2025. (*See* Inv's Decl of Boyer, Ex 2 (Dec 30, 2025) ("I seek all of the land appraisal cards/reports, and residential cards/reports on file with the Assessor for each of the following properties. * * *. I *further* request all Assessor notes referring to land and view features that are on file pertaining to the mentioned properties as well as any and all notes, documents or any other kind of documentation, on file, made by site inspectors and or appraisers, related to land features, ocean views and any nomenclature relating to 'could have oceans views', and oceans views that do exist. And specifically, any notes or appraisal cards that contain mention of 'degrees of views'.") (emphasis added); *cf.* Ptf's Mot to Compel at 1 ("Plaintiff comes now to request this Court to compel Defendant Intervenor and Curry County Assessor to turn over materials requested pursuant to discovery. Plaintiff informally requested

discovery, on December 20, 2025, of tax cards, that is, land appraisal cards and residence appraisal cards, on file with the Assessor for ten properties.").)

Plaintiff has made several discovery requests since commencing this action in May 2024, including follow-up requests. (*See, e.g.,* Order Denying Ptf''s Second Mot Compel Discovery (Sept 17, 2025).) Formal discovery is closed. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for an Order To Show Cause is denied.

Dated this 23rd day of January, 2026.

1/23/2026 3:16:21 PM

Judge Robert T. Manicke